IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
CASE NO: 4:01 - CV - 100 - H(3)

| | |
|---|---|
| ANA ROSA BELTRÁN BENITEZ,<br>AZUCENA HERNÁNDEZ CAMACHO,<br>MAGDALENA CUEVAS HIGUERA,<br>SANDRA SANDOVAL ARMENTA, EVA<br>LUZ NUÑEZ ALCANTAR, and MARÍA<br>MARTHA NUÑEZ ALCANTAR,<br>individually and on behalf of themselves<br>and all others similarly situated<br><br>Plaintiffs<br><br>v.<br><br>SEA SAFARI, LTD. and<br>W.E. Bateman, III, Rose Davis,<br>and Tammy Cota<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     COMPLAINT |

## PRELIMINARY STATEMENT

1. Plaintiffs are six former employees of defendants who were recruited in the state of

Sinaloa, Mexico and in Aurora, North Carolina to work in defendants' North Carolina seafood

processing plant. They bring this action individually and on behalf of themselves and all other

similarly situated employees of the defendants, pursuant to the statutory collective action

procedure authorized by 29 U.S.C. § 216(b) of the Fair Labor Standards Act (FLSA), to secure

their unpaid minimum and overtime compensation. Plaintiffs also seek to bring an individual

action under the North Carolina Wage and Hour Act, N.C.Gen. Stat. §§ 95-25.6, 95-25.8 and 95-

25.22 for back wages and liquidated damages, and a class action for two classes of workers

under Rule 23(b)(3), Fed.R.Civ.P., for back wages and liquidated damages pursuant to the North Carolina Wage and Hour Act, N.C. Gen. Stat. §§ 95-25.6, 95-25.8 and 95-25.22. Defendants are a seafood processing company and its corporate president, secretary, and recruiter/supervisor located in Belhaven, Beaufort County, North Carolina.

2. Based on their claims under 29 U.S.C. §§ 206 and 207 of the Fair Labor Standards Act and N.C. Gen. Stat. §§ 95-25.6, 95-25.8 and 95-25.22, plaintiffs seek payment of back wages and an equal amount of liquidated damages, attorney fees, and costs under 29 U.S.C. § 216(b) and N.C. Gen. Stat. §§ 95-25.22(a), (a1), and (d).

JURISDICTION

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1337 (interstate commerce), 28 U.S.C. § 1331 (federal question jurisdiction), 29 U.S.C. § 216(b) (Fair Labor Standards Act), and the doctrine of supplemental jurisdiction under 28 U.S.C. § 1367.

PARTIES

4. Plaintiffs Ana Rosa Beltrán Benitez, Azucena Hernández Camacho, and Magdalena Cuevas Higuera were employed by defendants within the meaning of 29 U.S.C. §§ 203(d) and (m) beginning on or about September 2000 and ending on or about October 2000. Plaintiffs Sandra Sandoval Armenta, Eva Luz Nuñez Alcantar, and María Martha Nuñez Alcantar were employed by defendants within the meaning of 29 U.S.C. §§ 203(d) and (m) beginning on or about June 2000 and ending on or about October 2000.

5. During the periods of their employment by defendants as seafood processing workers, plaintiffs and other similarly situated employees of defendants that are defined in ¶¶10 and 12-13 of this Complaint were employed by the defendants when they were engaged in the production

2

of goods for interstate commerce or as part of an enterprise of the defendants that was engaged in interstate commerce.

6. At all times relevant to this complaint, defendant Sea Safari Ltd. was and is a seafood processing corporation organized under the laws of the state of North Carolina and was and is engaged in the production of goods for interstate commerce or was an enterprise engaged in interstate commerce with its principal place of business in Belhaven, Beaufort County, North Carolina.

7. At all times relevant to this complaint, defendant Sea Safari Ltd. was and is the employer of plaintiffs and other employees similarly situated to plaintiffs within the meaning of 29 U.S.C. §§203(d) and 216(b) and of the three classes of workers defined in ¶¶10 and 12-13 of this complaint.

8. Based on information and belief, at all times relevant to this Complaint, defendant W.E. Bateman, III was and is the President of Sea Safari, Ltd. and was and is the employer of plaintiffs and other employees similarly situated to plaintiffs within the meaning of 29 U.S.C. §§203(d) and 216(b) and of the three classes of workers defined in ¶¶10 and 12-13 of this complaint.

9. Based on information and belief, at all times relevant to this complaint, defendant Rose Davis was and is the Vice President of Sea Safari, Ltd., and was and is the employer of plaintiffs and other employees similarly situated to plaintiffs within the meaning of 29 U.S.C. §§203(d) and 216(b) and of the three classes of workers defined in ¶¶10 and 12-13 of this complaint.

10. Based on information and belief, at all times relevant to this complaint, defendant Tammy Cota was and is the Recruiter/Supervisor for Sea Safari, Ltd., and was and is the

3

employer of plaintiffs and other employees similarly situated to plaintiffs within the meaning of 29 U.S.C. §§203(d) and 216(b) and of the three classes of workers defined in ¶¶10 and 12-13 of this complaint. Defendants W.E. Bateman, III, Rose Davis, and Tammy Cota personally directed or controlled the work of plaintiffs and other employees similarly situated to plaintiffs on a daily basis.

## FAIR LABOR STANDARDS ACT (FLSA) STATUTORY CLASS ACTION ALLEGATIONS

11. The six named plaintiffs seek to bring their claims under the Fair Labor Standards Act on behalf of themselves individually, and all other similarly situated employees of defendants who worked in any pay period falling within the three chronological years immediately preceding the date on which this action was filed and who file the written consent to be a party to this action that is required by 29 U.S.C. § 216(b). They seek unpaid minimum wages, unpaid overtime compensation, and liquidated damages.

12. Plaintiffs and the members of the class are similarly situated. Plaintiffs and other class members worked in defendants' facility processing crabs and other seafood items. They were paid hourly and piece rate wages based on the number of pounds of crabmeat they removed from the crabs. The plaintiffs and the statutory class they seek to represent under 29 U.S.C. §216(b) were each paid wages less than those required by 29 U.S.C. §§206(a) or 207(a) for one or more pay period(s) during the time period that they were employed by one or more of the defendants. All plaintiffs and other class members who lived in defendants' housing had charges for housing deducted from their wages. All plaintiffs and other class members who traveled from Mexico to work in defendants' plant were required to kick back part of their wages to the defendants to reimburse defendants for travel and visa expenses. All plaintiffs and other class

4

members described in ¶ 13 below worked for defendants for substantial periods of time that were not recorded by defendants as compensable work time through the use of a timekeeping system that regularly and systematically failed to record substantial amounts of work time performed for the defendants by the plaintiffs and the class.

## RULE 23(b)(3) CLASS ACTION ALLEGATIONS

13. The first class of persons that plaintiffs seek to represent under Rule 23(b)(3), Fed.R.Civ.P., for back wages and liquidated damages under N.C. Gen. Stat. §§ 95-25.6, 95-25.8 and 95-25.22, consists of all non-supervisory employees of defendants who were employed by defendants for any pay period falling within the two chronological years immediately preceding the date on which this action was filed who did not receive wages at the minimum wage or overtime compensation rate described in 29 U.S.C. §§206(a) and 207(a) when those wages were due under an express, constructive, or implied agreement to pay those wages at those rates for each hour or part of an hour that they each worked for the defendants.

14. The second class of persons that plaintiffs seek to represent under Rule 23(b)(3), Fed.R.Civ.P., for unauthorized wage deductions and liquidated damages under N.C. Gen. Stat. §§ 95-25.6, 95-25.8 and 95-25.22, consists of all non-supervisory employees of defendants who were employed by defendants for any pay period falling within the two chronological years immediately preceding the date on which this action was filed who did not receive their wages when they were due as a result of any wage deduction made by defendants from the weekly wages due that employee when that employee had not signed a written authorization giving defendants permission to make that deduction in the manner required by N.C. Gen. Stat. § 95-25.8(2).

5

15. Each class of persons defined in ¶¶13-14 of this complaint consists of in excess of 50 persons. Joinder of all class members for each class would be impracticable, if not impossible, based in part upon the fact that many of the class members who are former employees of defendants are migrant workers who live in Mexico and do not speak English.

16. The questions of law or fact which are common to the members of the class defined in ¶13 above and which predominate over any other questions affecting only individual members of this class under Rules 23(a)(2) and 23(b)(3), Fed.R.Civ.P., are whether the defendants had an express, constructive, or implied agreement to pay the named plaintiffs and the class they seek to represent the minimum wage or overtime compensation rate described in 29 U.S.C. §§206(a) and 207(a), whether the defendants complied with that same agreement to pay the named plaintiffs and the class members in accordance with N.C. Gen. Stat. § 95-25.6 for all the hours of work they performed for defendants in every work week, whether the defendants failed to compensate the named plaintiffs and the class described in ¶13 above at the rate described in 29 U.S.C. §§206(a) or 207(a) as a result of certain wage deductions for goods, services, or facilities that were provided primarily for the convenience of the defendants or for profit, and whether the defendants failed to compensate the named plaintiffs and the class described in ¶13 above for each hour or part of an hour that they worked for the defendants through the use of the same inaccurate timekeeping system to record the hours that the named plaintiffs and those same class members performed compensable work for the defendants.

17. The questions of law or fact which are common to the members of the class defined in ¶14 above and which predominate over any other questions affecting only individual members of this class under Rules 23(a)(2) and 23(b)(3), Fed.R.Civ.P., are whether the defendants failed to pay wages when due to the named plaintiffs and the class they seek to represent based upon

6

the defendants' failure to obtain a written authorization from the named plaintiffs and the class they seek to represent in the form required by N.C. Gen. Stat. §95-25.8(2) to make wage deductions from the wages due plaintiffs and the class, and whether the authorization method, if any, used by the defendants complied with the requirements of N.C.Gen.Stat. §95-25.8(2).

18. The claims of plaintiffs who seek to represent the class defined in ¶13 above of this complaint are typical of the claims of that class of persons under Rule 23(b)(3), Fed.R.Civ.P., in that the defendants failed to comply with their express, constructive or implied agreement to pay wages when due to plaintiffs and the class defined in ¶13 above at the rate described in 29 U.S.C. §§206(a) and 207(a) for each hour worked for the defendants, whether the defendants failed to compensate the named plaintiffs and that same class at the rate described in 29 U.S.C. §§206(a) or 207(a) as a result of certain wage deductions for goods, services, or facilities that were provided primarily for the convenience of the defendants, and whether the defendants failed to compensate the named plaintiffs and the class described in ¶13 above for each hour or part of an hour that they worked for the defendants through the use of the same inaccurate timekeeping system to record the hours that the named plaintiffs and those same class members performed compensable work for the defendants.

19. The claims of plaintiffs who seek to represent the class defined in ¶14 above of this complaint, are typical of the claims of that class of persons under Rule 23(a)(3), Fed.R.Civ.P. in that the defendants made weekly wage deductions from the wages due each plaintiff when these plaintiffs had not provided any signed written authorization to defendants in the form required by N.C. Gen. Stat. § 95-25.8(2) authorizing defendants to make any wage deduction from the weekly wages they were due for the housing or work-related supplies that defendants furnished to plaintiffs during the time period that they were employed by defendants.

7

20. Plaintiffs will fairly and adequately represent the interests of the two classses of persons defined in ¶¶13-14 above of the complaint. The undersigned counsel Robert Willis and William Rowe for plaintiffs are experienced litigators who have been named counsel for several class actions.

## FACTUAL ALLEGATIONS

21. In the spring preceding their employment by the defendants, plaintiffs and the members of the three classes defined in ¶¶11 and 13-14 above of this Complaint were recruited in their home villages in Sinaloa, Mexico by agents of the defendants to come to North Carolina to engage in seafood processing work as migrant workers.

22. The defendants' agents arranged for visas for the plaintiffs and the members of the three classes defined in ¶¶11 and 13-14 above of this Complaint to come to the United States to engage in this work under a temporary foreign worker program authorized under the Immigration and Nationality Act, known as the "H2B program." 8 U.S.C. § 1101(a)(15)(H)(ii)(b).

23. Upon information and belief, the defendants' agents also arranged for transportation for the plaintiffs and the members of the three classes defined in ¶¶11 and 13-14 above of this Complaint from Mexico to North Carolina.

24. Plaintiffs and the members of those three classes were employed in defendants' facility processing crabs and other seafood items for defendants. Plaintiffs Ana Rosa Beltrán Benitez, Azucena Hernández Camacho, and Magdalena Cuevas Higuera worked for Cryotech Food Systems, a seafood processing plant in Aurora, North Carolina. They were transferred to defendants' Sea Safari plant in approximately September 2000 after the Cryotech facility was closed. Plaintiffs Sandra Sandoval Armenta, Eva Luz Nuñez Alcantar, and María Martha Nuñez

8

Alcantar worked for defendants in the Sea Safari plant beginning in approximately June 2000. Plaintiffs and the members of the classes were typically paid piece rate wages based on the number of pounds of crabmeat they removed from the crabs. However, some class members may have at times been paid on a flat hourly rate when the gross amount of their piece rate wages was less than the minimum wage or overtime wage described in 29 U.S.C. §§206(a) and 207(a).

25. Plaintiffs and the classes they seek to represent in ¶13 had an express, constructive, or implied agreement that the defendants would pay them wages at the rate required by any applicable federal or state law when those wages were due for each hour or part of an hour that the plaintiffs and that class performed compensable work under the FLSA or the NCWHA for the defendants at the rate required by any applicable federal or state law.

26. Upon information and belief, as part of their work for defendants, plaintiffs and the members of the classes defined in ¶¶11 and 13 above of this Complaint worked a substantial number of hours in excess of forty (40) hours per work week for which they did not receive wages at the rate required by 29 U.S.C. §§206(a) and/or 207(a).

27. Upon information and belief, defendants suffered, allowed or permitted plaintiffs and members of the classes defined in ¶¶11 and 13 above of this Complaint to work for substantial periods of time that were not recorded by defendants as compensable work time through the use of a timekeeping system that regularly and systematically failed to record substantial amounts of work time performed for the defendants by the plaintiffs and those same classes.

28. Defendants did not comply with the agreement described in ¶25 above of this Complaint as the defendants did not pay all of the wages that were due to the plaintiffs and the members of the classes defined in ¶¶11 and 13 above of this Complaint when those wages were

9

due at the end of each work week for the substantial periods of time during those same work weeks in which plaintiffs and the members of those classes performed uncompensated work under the FLSA and the NCWHA that was "off the clock", in violation of N.C. Gen. Stat. § 95-25.6 .

29. Plaintiffs and the members of the class did not provide defendants with written and signed authorizations for any wage deductions made by defendants for their weekly wages as required by N.C. Gen. Stat. § 95-25.8(2).

30. While employed by defendants, plaintiffs and the members of the classes defined in ¶11 and 14 above of this Complaint who were recruited with them in Mexico lived in housing furnished by the defendants. Upon information and belief, approximately 75 of the plaintiffs and the members of the classes defined in ¶11 and 14 above of this Complaint lived together in one structure provided by the defendants. The other plaintiffs and other members of that same class lived in other housing provided by the defendants.

31. Plaintiffs and members of the classes defined in ¶¶11 and 14 above of this Complaint paid for the housing provided to them by the employer through weekly pay deductions ranging from approximately $20.00 to $30.00. The amount of rent that was deducted by the defendants varied from week to week. Upon information and belief, the amount of the wage deduction for this housing exceeded the actual or reasonable cost to defendants for furnishing the housing to plaintiffs and the members of the class and such charge included a profit to defendants. In addition, the defendants made wage deductions from the wages owed to the named plaintiffs and the classes of persons described in ¶¶11 and 13-14 above of this Complaint for supplies and services that were primarily for the convenience of the defendants.

10

Those supplies and services included the costs of long-distance transportation to and from the work site at the beginning and end of the their employment by one or more of the defendants.

32. Upon information and belief, in some instances the weekly total for the wage deductions referred to in ¶31 above resulted in a reduction of the wages paid to plaintiffs and members of the classes defined in ¶¶11 and 13 above below the minimum wage or overtime wage rate required by the Fair Labor Standards Act. 29 U.S.C. § 203(m).

33. Defendants made wage deductions or required kickbacks from the plaintiffs and the members of the classes defined in ¶¶11 and 13 above for fees paid to obtain the H2B visas and for their transportation expenses to the United States.

34. Such visa and transportation expenses were an incident of and necessary to the defendants' employment of plaintiffs and the members of the classes defined in ¶¶11 and 13 above. The visas and transportation of workers to the United States were primarily for the benefit or convenience of defendants.

35. Agents of the defendants routinely required plaintiffs and members of the classes defined in ¶¶11 and 13 above of this Complaint to obtain permission before leaving company-provided housing to shop or visit friends. On occasion that permission was denied. Agents of the defendants routinely required plaintiffs and members of the classes defined in ¶¶11 and 13 above of this Complaint to obtain permission before receiving visitors. On occasion that permission was denied. Agents of the defendants routinely insulted plaintiffs and members of the class in Spanish over a microphone in the workplace.

36. During all times relevant to this complaint, defendants' practice was to hold the passports of plaintiffs and members of the classes defined in ¶¶11, 13, and 14 above of this Complaint in the Sea Safari office. When plaintiffs and members of those classes left their

employment with defendants, defendants normally stamped the H2B visa on these workers' passports as "void."

37. The practices described in ¶¶35 and 36 contributed to an atmosphere of intimidation in defendants' workplace in which plaintiffs and members of the classes defined in ¶¶11 and 13 above of this Complaint were unable to assert their right to receive their wages free and clear for fear of retaliation or further abuse.

38. Defendants paid plaintiffs and the members of the classes defined in ¶¶11, 13 and 14 above of this Complaint in cash on a weekly basis. Upon information and belief, plaintiffs and the members of the classes defined in ¶¶11 and 13 above of this Complaint paid the charges for visa fees and transportation expenses by immediately turning over a portion of their cash wages to defendants. Defendants did not pay plaintiffs and the members of those same two classes their wages "free and clear" because they required that plaintiffs and the members of those same two classes to "kick back" part of their wages for the benefit of the defendants to pay for transportation and visa fees as described in ¶¶33 and 34 above.

39. Upon information and belief, in some instances the weekly total for the visa and transportation expenses referred to in ¶¶33, 34 and ¶38 above resulted in a reduction of the wages paid free and clear to plaintiffs and members of the classes defined in ¶¶11 and 13 above of this Complaint to an amount or rate below the minimum wage or overtime wage rate required by the Fair Labor Standards Act.

<u>FIRST CLAIM FOR RELIEF (FLSA)</u>

40. Paragraphs 1 through 39 above are realleged and incorporated by reference by the named plaintiffs and each member of the statutory class described in ¶¶11 and 12 above which plaintiffs seek to represent pursuant to 29 U.S.C. §216(b).

12

41. Defendants did not maintain any accurate payroll records with respect to the defendants' employment of plaintiffs and each person in the class of persons defined in ¶11 above of this complaint with respect to compensable work time performed in each of those work weeks when the defendants suffered, allowed and/or required plaintiffs and each person in the class of persons defined in ¶11 of this complaint to work for the substantial periods of time described in ¶¶26 and 27 above of this Complaint.

42. Defendants failed to pay plaintiffs and the members of the statutory class at least the required federal minimum wage for each hour or part of an hour that they worked in each workweek, in violation of 29 U.S.C. §206.

43. Defendants failed to provide plaintiffs and the members of the statutory class with overtime compensation at one and one-half times their regular rate for any workweek in which plaintiffs and the members of the statutory class worked in excess of forty (40) hours, in violation of 29 U.S.C. § 207(a)(1).

44. Defendants made unlawful wage deductions from plaintiffs and the members of the statutory class which resulted in payment of wages at a rate or in an amount less than the minimum or overtime wage rates required by the FLSA.

45. Defendants knew or showed reckless disregard as to whether their conduct was prohibited by the Fair Labor Standards Act and its accompanying regulations.

46. As a result of defendants' actions, plaintiffs and the statutory class defined in ¶¶11-13 above have suffered damages in the form of unpaid wages and liquidated damages that may be recovered from defendants, jointly and severally, under 29 U.S.C. § 216(b).

SECOND CLAIM FOR RELIEF (NC WAGE AND HOUR ACT)

13

47. Paragraphs 1 through 46 above are realleged and incorporated by reference by plaintiffs.

48. Defendants made weekly wage deductions from the wages that were due plaintiffs and the class of persons defined in ¶14 above for housing and work-related equipment when defendants had not obtained the written authorization required by N.C. Gen. Stat. § 95-25.8(2).

49. Defendants did not pay all wages due when those wages were due to plaintiffs and the class of persons defined in ¶13 of this complaint for compensable work time that the defendants allowed, suffered, and/or required plaintiffs and the class of persons defined in ¶14 of this complaint to work for defendants.

50. As a result of these actions of the defendants in violation of the rights under N.C. Gen. Stat. §§95-25.6 and 95-25.8(2) of plaintiffs and the classes defined in ¶¶13-14 that the named plaintiffs seek to represent, plaintiffs and those classes they seek to represent that are defined in ¶¶13-14 above of this Complaint have suffered damages in the form of unpaid wages that may be recovered from defendants, jointly and severally, under N.C. Gen. Stat. § 95-25.22(a).

## DEMAND FOR A JURY TRIAL

51. Plaintiffs demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully pray that this Court:

1. Enter an order finding that this Court has jurisdiction over plaintiffs' claims;

2. Certify this action as a statutory class action under 29 U.S.C. § 216(b) with respect to the class of persons defined in ¶¶11 and 12 of this complaint;

14

3. Certify this action as a class action under Rule 23(b)(3), Fed.R.Civ.P. for back wages and liquidated damages under N.C. Gen. Stat. § 95-25.22 with respect to the class of persons defined in ¶13 above of this complaint;

4. Certify this action as a class action under Rule 23(b)(3), Fed.R.Civ.P. for back wages and liquidated damages under N.C. Gen. Stat. § 95-25.22 with respect to the class of persons defined in ¶14 above of this complaint;

5. Grant a jury trial on all issues so triable;

6. Enter a judgment against defendants Sea Safari, Ltd., W.E. Bateman, III, Rose Davis, and Tammy Cota, jointly and severally, and in favor of each of the named plaintiffs and all other similarly situated employees of defendants described in ¶¶11 and 12 above of this complaint for compensatory damages under the First Claim for Relief in an amount equal to the total of the unpaid minimum and overtime wages and unlawful wage deductions due each of the named plaintiffs and each of those other similarly situated employees of defendants under 29 U.S.C. §§ 206(a)(1) and 207(a), plus an equal amount as liquidated damages under 29 U.S.C. § 216(b);

7. Enter judgment against defendants Sea Safari, Ltd., W.E. Bateman, III, Rose Davis, and Tammy Cota, jointly and severally, and in favor of plaintiffs and the class of persons defined in ¶¶13-14 above of this Complaint for compensatory damages under the Second Claim for Relief in an amount equal to the total of the unpaid wages and unauthorized wage deductions due plaintiffs and those classes of workers under N.C. Gen. Stat. §§ 95-24.22(a), plus an equal additional amount as liquidated damages under N.C. Gen. Stat. § 95-25.22(a)(1) plus interest in the manner and at the rate prescribed in N.C. Gen. Stat. § 95-25.22(a);

8. Award plaintiffs the costs of this action against defendants Sea Safari, Ltd., W.E. Bateman, III, Rose Davis, and Tammy Cota, jointly and severally;

9. Award plaintiffs reasonable attorneys fees under 29 U.S.C. § 216(b) and N.C. Gen. Stat. § 95-25.22(d) against defendants Sea Safari, Ltd., W.E. Bateman, III, Rose Davis, and Tammy Cota, jointly and severally;

10. Award against Sea Safari, Ltd., W.E. Bateman, III, Rose Davis, and Tammy Cota, jointly and severally, and in favor of the plaintiffs and the classes of workers that they seek to represent prejudgment and post judgment interest as allowed by law; and

11. Grant such other relief as the Court may deem just and proper.

This the **29** day of June, 2001.

Respectfully submitted,

NORTH CAROLINA JUSTICE AND
COMMUNITY DEVELOPMENT
CENTER
P.O. Box 28068
Raleigh, NC 27611
(919) 856-2144
(919) 856-2175 (fax)

BY:  _Carol Y. Brooke_

Carol L. Brooke
Attorney at Law
NC Bar # 29126

_William Rowe_

William Rowe
Attorney at Law
NC Bar # 13203

16

LAW OFFICES OF ROBERT J. WILLIS

BY:    *Robert J. Willis /08*
       Robert J. Willis
       Attorney at Law
       NC Bar #10730
       P.O. Box 1269
       Raleigh, NC 27602
       (919) 821-9031
       (919) 821-1763 (fax)

ANA ROSA BELTRÁN BENITEZ,　　　　　)
et al., individually and on behalf of　　　)
themselves and all others similarly situated　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiffs　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
SEA SAFARI, LTD. and　　　　　　　　　)
W.E. Bateman, III, Rose Davis,　　　　　　)
and Tammy Cota　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendants　　　　　　　　)

## CONSENT TO SUE

I, _Ana Rosa Beltrán Benitez_ , hereby consent to be a party to the above-captioned lawsuit under 29 U.S.C. §216(b) to assert my right to the minimum wage and/or overtime wages required by the Fair Labor Standards Act.

X _Ana Rosa Beltran Benitez_

SIGNATURE

_11/10/2000_
_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_

DATE

_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_

SOCIAL SECURITY NUMBER

_26-Noviembre-1968_

DATE OF BIRTH

ANA ROSA BELTRÁN BENITEZ.              )
et al.. individually and on behalf of        )
themselves and all others similarly situated )
                                              )
          Plaintiffs                          )
                                              )
v.                                            )
                                              )
SEA SAFARI. LTD. and                          )
W.E. Bateman. III. Rose Davis.                )
and Tammy Cota                                )
                                              )
          Defendants                          )


## CONSENT TO SUE

I. __Azucena Hernandez Camacho__ . hereby consent to be a party to the above-camptioned lawsuit under 29 U.S.C. §216(b) to assert my right to the minimum wage and/or overtime wages required by the Fair Labor Standards Act.


X __Azucena Hernandez Camacho__

SIGNATURE

__2/14/2001__

DATE

__243 - 93 4077__

SOCIAL SECURITY NUMBER

__23 - DIC - 1979__

DATE OF BIRTH

ANA ROSA BELTRÁN BENITEZ. )
et al.. individually and on behalf of )
themselves and all others similarly situated )
  )
      Plaintiffs )
  )
v. )
  )
SEA SAFARI. LTD. and )
W.E. Bateman. III. Rose Davis. )
and Tammy Cota )
  )
      Defendants )

## CONSENT TO SUE

I, _Magdalena Cuevas Higueta_, hereby consent to be a party to the above-captioned lawsuit under 29 U.S.C. §216(b) to assert my right to the minimum wage and/or overtime wages required by the Fair Labor Standards Act.

X _Magdalena Cuevas Higueta_

SIGNATURE

_11/9/00_

_224 77 3500 29_

DATE

_224 - 77 - 3529_

SOCIAL SECURITY NUMBER

_22 Julio 1962_

DATE OF BIRTH

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
CASE NO: _____

| | |
|---|---|
| ANA ROSA BELTRÁN BENITEZ, | ) |
| et al., individually and on behalf of | ) |
| themselves and all others similarly situated | ) |
| | ) |
| Plaintiffs | ) |
| | ) |
| v. | ) |
| | ) |
| SEA SAFARI, LTD. and | ) |
| W.E. Bateman, III, Rose Davis, | ) |
| and Tammy Cota | ) |
| | ) |
| Defendants | ) |

## CONSENT TO SUE

I, _SANDRO F SANDOVAL A._, hereby consent to be a party to the above-captioned lawsuit under 29 U.S.C. §216(b) to assert my right to the minimum wage and/or overtime wages required by the Fair Labor Standards Act.

X _hereby consent_
SIGNATURE

_7 - 04 - 01_ (April 7, 2001)
DATE

_243 - 93 - 1631_
SOCIAL SECURITY NUMBER

_May 22 - 1974_
DATE OF BIRTH

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

CASE NO: _____

ANA ROSA BELTRÁN BENITEZ.          )
et al., individually and on behalf of    )
themselves and all others similarly situated  )
                                          )
            Plaintiffs                    )
                                          )
v.                                        )
                                          )
SEA SAFARI. LTD. and                     )
W.E. Bateman. III. Rose Davis.           )
and Tammy Cota                           )
                                          )
            Defendants                    )


CONSENT TO SUE


I, _Eva Luz Nuñez Alcantar_ , hereby consent to be a party to the above-captioned lawsuit under 29 U.S.C. §216(b) to assert my right to the minimum wage and/or overtime wages required by the Fair Labor Standards Act.


X _Eva L. Nuñez A_

SIGNATURE

_9/29/00_

DATE


_____

SOCIAL SECURITY NUMBER

_____

DATE OF BIRTH

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### EASTERN DIVISION
CASE NO: _____

ANA ROSA BELTRÁN BENITEZ.          )
et al.. individually and on behalf of     )
themselves and all others similarly situated  )
                                        )
      Plaintiffs          )
                                        )
v.                                      )
                                        )
SEA SAFARI. LTD. and                    )
W.E. Bateman. III. Rose Davis.          )
and Tammy Cota                          )
                                        )
      Defendants        )


## CONSENT TO SUE

I, _Maria Martha Nuñez Alcantar_ hereby consent to be a party to the above-captioned lawsuit under 29 U.S.C. §216(b) to assert my right to the minimum wage and/or overtime wages required by the Fair Labor Standards Act.


X _____
SIGNATURE

_4|7|01_____
DATE


_____
SOCIAL SECURITY NUMBER

_____
DATE OF BIRTH